UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | 17-cr-6016-CJS-JWF |
| | 17-cr-6017-CJS-JWF |
| v. | NOTICE OF MOTION |
| RICHARD LEON WILBERN, | |
| Defendant. | |

| | |
|---|---|
| **MOTION BY**: | Anne M. Burger, Assistant Federal Public Defender, Attorney for Richard Leon Wilbern. |
| **DATE, TIME & PLACE**: | At a date and time to be set before the Honorable Jonathan W. Feldman, U.S. Courthouse, Rochester, New York. |
| **SUPPORTING PAPERS**: | Affirmation of Anne M. Burger, affirmed on January 3, 2019, the attachment hereto, and all prior proceedings had herein. |
| **RELIEF REQUESTED**: | An Order suppressing evidence as requested herein. |

Dated:   January 3, 2019
             Rochester, New York

/s/Anne M. Burger
Anne M. Burger
Assistant Federal Public Defender
28 East Main Street, Suite 400
Rochester, New York 14614
585-263-6201
anne_burger@fd.org
Attorney for Richard Leon Wilbern

TO:   Douglas Gregory, AUSA

**UNITED STATES DISTRICT COURT**
<u>**WESTERN DISTRICT OF NEW YORK**</u>

**UNITED STATES OF AMERICA**     **17-cr-6016-CJS-JWF**
                                 **17-cr-6017-CJS-JWF**

             **v.**               **AFFIRMATION**

**RICHARD LEON WILBERN,**

                    **Defendant.**

_____

Anne M. Burger, Assistant Federal Public Defender for the Western District of New York, affirms as follows:

I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent Richard Leon Wilbern.

I am familiar with this case by reasons of my investigation of this matter, conversations with my client and others, and my review of the discovery material provided to date by the government.

This affirmation is submitted in support of the relief requested herein, and is based upon the facts as I know them, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Constitution, and other pertinent statutes and law.

### RELATING TO DISCOVERY AND *BRADY*

On January 19, 2018, the defense asked the government to disclose any jail telephone recordings of Mr. Wilbern (email on file).

In faxed correspondence of February 2, 2018, the defense alerted the Court to additional materials it had requested from the government including jail telephone recordings of Mr. Wilbern. The defense also referenced this correspondence in its motion seeking discovery and *Brady* material. *See* Documents 25 (17-CR-6016) and 39 (17-CR-6017).

In its February 16, 2018, motion response the government essentially said that it was doing the best it could:

> On or about February 1, 2018, the defense provided the government with a 5-page, single-spaced supplemental request for additional items, materials, photos, reports, notes, records and documents. On February 15, 2018, the defense emailed the government with a list of additional items that they are requesting. The government has worked diligently to provide most, if not all, of the requested items, including those that are not in the custody or control of the government. As to the February 1, 2018 requests, those items are being supplied to the defense concurrent with the filing of this motion response. The February 15, 2018 requests will be supplied by February 23, 2018. The defense has indicated that it intends to file additional requests, to which the government will respond as appropriate.

*See* Documents 26 (17-CR-6016) and 40 (17-CR-6017).

From the time of the defense's initial request for these recordings in January of 2018 until the filing of its response to the defense motions between 8 and 9 months later the government never confirmed the existence of jail telephone calls. Nor did it provide them to the defense. Nor did it refuse to do so.

>On October 1, 2018, the government revealed that it intended to offer at trial:
>
>>certain jail phone calls made from the Monroe County [J]ail in which Richard Wilbern references his ownership of the personal items located inside the garage at 27 Tubman Way. The exact calls, and related transcripts, which will not exceed five in number, will be provided to counsel under separate cover.

See Document 61 (17-CR-6016), at 1-2.

On October 11, 2018, the government provided recordings of "approximately nine (9) jail" calls to the defense. *See* Exhibit A. The government has provided no other such recordings to the defense.

The Court should direct the government to immediately provide the defense with all jail telephone recordings of Mr. Wilbern. Mr. Wilbern has been detained for more than two years. It is highly unlikely that the only such recordings in the government's possession include the "approximately nine" calls it intends to offer at trial. Instead, it is probable that the government has many such recordings in its possession. The Court should direct that all such recordings be provided to the defense without further delay. This course will prevent more delay beyond that already created by the government's failure to provide the recordings when first requested nearly one year ago. Such a directive will allow the defense to effectively represent Mr. Wilbern and advocate on his behalf in motions and at trial and substantially reduce the risk of unfair surprise by the government should it determine that it wishes to use at trial other recordings it has withheld from the defense up to that point. Finally, the Court should direct that these recordings be provided so that the defense can assess the context of the "approximately nine"

recordings in comparison with other conversations involving similar topics and/or with similar participants.

Should the Court issue the requested directive, the defense requests the opportunity to supplement its motions based upon the additional disclosure.

## MOTION TO SUPPRESS EVIDENCE

Introduction

As noted above, the government has revealed that it intends to offer "approximately nine" jail calls of Mr. Wilbern at trial. The defense seeks an order of suppression precluding the government's use of the jail calls against him at trial. At no time did Mr. Wilbern agree to the government intercepting his telephone calls while detained and using them in a criminal prosecution. Mr. Wilbern raises challenges by way of Title III and the First Amendment.

## TITLE III

The government monitoring of Mr. Wilbern's telephone calls within the Monroe County Jail violated Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510 et seq. [hereinafter "Title III"]. Title III prohibits warrantless interceptions of "any wire or oral communications."

Title III generally forbids the intentional interception of oral or wire communications such as telephone calls, absent court-ordered authorization. 18 U.S.C. §§ 2510 et seq. An unlawfully intercepted telephone call may not be offered as evidence in any trial. *See* 18 U.S.C. § 2515, *United States v. Workman*, 80 F.3d 688, 692 (2nd Cir. 1996). This prohibition extends to monitored communications in detention. *United States v. Amen*, 831 F.2d 373, 378 (2nd Cir. 1987).

Based upon information and belief, these recordings were made without a warrant, valid consent or lawful authority justifying their interception. No eavesdropping warrant has been produced. As a result, unless an exception to Title III applies, the interceptions were illegal and are therefore inadmissible at trial. To the extent that the government claims that Mr. Wilbern was on notice that his telephone calls might be monitored and/or recorded such notice would be insufficient to alert a detainee to the use of such calls by the government against him at trial outside of the jail context. Accordingly, such notice would fail to support a finding of either express or implied consent to such recording and use.

Mr. Wilbern has standing to challenge the seizure in question. Title 18 U.S.C. § 2518(10)(a) states, in relevant part, that "[a]ny aggrieved person . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter . . ."

An "aggrieved person" pursuant to 18 U.S.C. § 2510(11) is ". . . a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." Mr. Wilbern is a person who was a

party to communications intercepted. Thus, there can be no argument as to Mr. Wilbern's standing to challenge the government's interception of the communications to which he was a party; the statute specifically confers such standing upon him.

To the extent that the government advances a claim that the recordings are subject to some exception it should be required to establish its claim at an evidentiary hearing.

As a result of the above, the Court should either suppress the recordings from use at trial or direct that a hearing be held to ensure a full development of the parties' respective contentions.

### CONSTITUTIONAL VIOLATIONS

The Supreme Court has on several occasions reviewed the question of the constitutional rights of prisoners; imprisonment necessarily deprives prisoners of common rights and privileges that are available to ordinary citizens. *See Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). Although prisoners' rights may be diminished in the face of the needs of a jail environment, prisoners are not wholly deprived of constitutional protections; "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Id*. In light of the following, the Court should suppress from use at trial Mr. Wilbern's jail telephone conversations as having been gathered in violation of his First Amendment rights.

In contrast to convicted or sentenced prisoners, pretrial detention is designed not to punish but instead to ensure public safety and an accused's presence at trial. *See Bell v. Wolfish*, 441 U.S. 520 (1979). Accordingly, pretrial detainees "retain at least those constitutional rights that [the Supreme Court has] held are enjoyed by convicted prisoners," and their conditions of confinement may not be punitive. *Id.* at 545, 535. Moreover, when a jail policy "infringes [upon] a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." *Bell*, 441 U.S. at 547. In Mr. Wilbern's case, the wholesale recording of his jail telephone conversations violates the Constitution without a sufficient justification related to public safety or institutional security. Mr. Wilbern's free speech and association rights are unduly burdened by such a policy where he is no longer able to maintain family and personal relationships by telephone without necessarily having the government join as a silent participant in these personal discussions. The Court should suppress from use at trial Mr. Wilbern's jail telephone conversations.

The applicable framework for evaluating an infringement on the constitutional rights of prisoners is the test described in *Turner v. Safley*, 482 U.S. 78 (1987). First, does the complained-of prison policy infringe upon a cognizable constitutional right or liberty interest. Second, is the policy "reasonably related to legitimate penological objectives" or does it represent an "exaggerated response" to those concerns. *Id.* at 87. In the context of pretrial detainees, like Mr. Wilbern, the

test is modified due to the fact that "penological objectives" are not legitimate objectives for pretrial detainees. *United States v. El-Hage*, 213 F.3d 74, 81 (2d Cir. 2000).

Though "freedom of association is among the rights least compatible with incarceration," the right to intimate association is not "altogether terminated" by incarceration, nor is it "always irrelevant to claims made by prisoners" *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). There is no valid, non-punitive reason why Mr. Wilbern should not be permitted to maintain his family and personal relationships, which pose no jail security risks, without interception of those conversations by the government. As a result, the jail's policy is fundamentally unfair to him and it unduly burdens his First Amendment rights.

In light of the above, the Court should order the Government to disclose all of Mr. Wilbern's recorded jail telephone conversations. Further, the Court should suppress the use of the recordings at trial or, in the alternative, order a fact finding hearing. Following the hearing, the Court should preclude the government from using the recordings at trial as having been obtained in violation of Title III and Mr. Wilbern's First Amendment rights.

## Conclusion

In light of the foregoing, the Court should issue the relief requested. Mr. Wilbern respectfully requests the opportunity to supplement this pleading should

the government's response raise additional issues of fact or law not sufficiently addressed herein.

Dated:   January 3, 2019
         Rochester, New York

                                    Respectfully submitted,


                                         /s/Anne M. Burger
                                    Anne M. Burger
                                    Assistant Federal Public Defender
                                    28 E. Main Street, Suite 400
                                    Rochester, New York 14614
                                    585-263-6201
                                    anne_burger@fd.org
                                    Attorney for Richard Wilbern

To: Douglas Gregory, AUSA