# FEDERAL PUBLIC DEFENDER'S OFFICE
## WESTERN DISTRICT OF NEW YORK

MARIANNE MARIANO
*FEDERAL PUBLIC DEFENDER*
marianne_mariano@fd.org

ANNE M. BURGER
*SUPERVISORY ASST. FEDERAL PUBLIC DEFENDER*
anne_burger@fd.org

28 EAST MAIN STREET
FIRST FEDERAL PLAZA, SUITE 400
ROCHESTER, NEW YORK 14614

585-263-6201
FAX: 585-263-5871

BUFFALO OFFICE
300 PEARL STREET, SUITE 200
BUFFALO, NEW YORK 14202
716-551-3341
716-551-3346-FAX

REPLY TO: ROCHESTER

June 24, 2020

**VIA EMAIL**

Honorable Charles J. Siragusa
United States District Court Judge
U.S. Courthouse
100 State Street
Rochester, NY 14614

Re: *United States v. Richard Leon Wilbern*, 17-cr-6017-CJS-JWF

Dear Judge Siragusa:

Following the conclusion of the jury trial in the above-captioned case, the defense contacted several of the jurors to obtain information that might be useful for future training purposes.

Earlier this year, before the COVID-19-related state of emergency, Karen Francati, who conducted this outreach, spoke to jury foreperson ▮▮▮▮▮▮.

During the discussion, Mr. ▮▮▮ told Ms. Francati that because he was concerned about his role as foreperson, he "Googled" it. During the same discussion, Mr. ▮▮▮ also told Ms. Francati that another juror approached him and told him that a second juror (a juror he identified as ▮▮▮) had made some statements about skin color that he described as racist. He also told Ms. Francati that he did not do anything in response to being given this information because ▮▮▮ was an alternate juror.

Ms. Francati disclosed this information to the rest of the defense team. As a result, efforts to speak with other jurors or obtain additional information from Mr. ▮▮▮ were suspended. In light of this information, counsel respectfully requests that the Court authorize the defense to speak to Mr. ▮▮▮ further regarding 1) his use of the Google search engine and 2) the race-based comments he described being brought to his attention by a fellow juror. In the alternative, counsel requests that the Court conduct an inquiry into these issues. If the Court agrees, the defense could speak with Mr. ▮▮▮ remotely either by telephone or video-conferencing, due to the risks associated with the COVID-19 pandemic. Likewise, the Court could conduct an inquiry of Mr. ▮▮▮ via video-conferencing.

Further inquiry of Mr. ▮▮▮ would uncover when Mr. ▮▮▮ consulted the Google

search engine, what information he obtained and how this information affected his role as a juror. In addition, further inquiry would reveal the identity of the juror to whom alternate juror ███ made her race-based statements, enabling counsel (or the Court) to determine the content of the statements, when they were made, and whether they were made in the presence of other jurors.

Defense counsel has an obligation to Mr. Wilbern to determine whether juror misconduct may have affected his trial and, ultimately, the verdict in this case. Additional information is required, however, for counsel to determine whether a motion relating to potential juror misconduct is appropriate.

Respectfully,

/s/Anne M. Burger
Anne M. Burger
Assistant Federal Public Defender

cc: Douglas Gregory, AUSA (via E-mail)
    Joel Violanti, AUSA (via E-mail)