# Kelly Pruden

**From:** Charles Siragusa
**Sent:** Tuesday, July 14, 2020 11:09 AM
**To:** Kelly Pruden
**Subject:** US v, Wilbern June 25, 2020



Hon. Charles J. Siragusa
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Room 1360
Rochester, NY 14614
TEL: 585-613-4050
FAX: 585-613-4055

We provide quality service in support of justice.

**From:** Gregory, Douglas (USANYW) <Douglas.Gregory@usdoj.gov>
**Sent:** Thursday, June 25, 2020 4:03 PM
**To:** Charles Siragusa <Charles_Siragusa@nywd.uscourts.gov>; Anne Burger <Anne_Burger@fd.org>; Sonya Zoghlin <Sonya_Zoghlin@fd.org>; Timothy Murphy <Timothy_Murphy@fd.org>; Violanti, Joel L. (USANYW) <Joel.L.Violanti@usdoj.gov>; Marianne Mariano <Marianne_Mariano@fd.org>
**Cc:** J Kehoe <Michael_Kehoe@nywd.uscourts.gov>; John Lyle <John_Lyle@nywd.uscourts.gov>; Violanti, Joel L. (USANYW) <Joel.L.Violanti@usdoj.gov>
**Subject:** RE: US v, Wilbern

**From:** Charles Siragusa <Charles_Siragusa@nywd.uscourts.gov>
**Sent:** Thursday, June 25, 2020 6:55 AM
**To:** Anne Burger <Anne_Burger@fd.org>; Sonya Zoghlin <Sonya_Zoghlin@fd.org>; Timothy Murphy <Timothy_Murphy@fd.org>; Gregory, Douglas (USANYW) <DGregory@usa.doj.gov>; Violanti, Joel L. (USANYW) <JViolanti@usa.doj.gov>; Marianne Mariano <Marianne_Mariano@fd.org>
**Cc:** J Kehoe <Michael_Kehoe@nywd.uscourts.gov>; John Lyle <John_Lyle@nywd.uscourts.gov>
**Subject:** FW: US v, Wilbern

# Dear Counsel:

Regarding the above captioned case, I write in response to the attached letter from Ms. Burger that was received yesterday about 6:30 pm.

1

First, I would direct the government to respond in writing by Monday June 29, 2020 by 12:00 pm. and state its position. Second, I would direct the defense to provide some clarification, so I can properly consider its request that:

> In light of this information, counsel respectfully requests that the Court authorize the defense to speak to Mr. ▨ further regarding 1) his use of the Google search engine and 2) the race-based comments he described being brought to his attention by a fellow juror. In the alternative, counsel requests that the Court conduct an inquiry into these issues. If the Court agrees, the defense could speak with Mr. ▨ remotely either by telephone or video-conferencing, due to the risks associated with the COVID-19 pandemic. Likewise, the Court could conduct an inquiry of Mr. ▨ via video conferencing.

First, when specifically "[e]arlier this year, before the COVID-19-related state of emergency," did Ms. Francati interview Mr. ▨ and obtain the information related in Ms. Burger's correspondence? Second, why was the Court and opposing counsel not notified at that time of the substance of the interview and the defense concern about potential misconduct? Third, why, at the very least, when the defense made its adjournment of sentencing requests was the Court and opposing counsel not alerted? Finally, was Ms. Francati's conduct in accordance with the state of the law in the Second Circuit? As to his last question, I direct counsel to the following:

> The Court of Appeals for the Second Circuit has unambiguously prohibited parties from questioning jurors after the verdict without at least notice to the Court and opposing counsel. United States v. Schwarz, 283 F.3d 76, 98 (2d Cir.2002) ( "[W]e have established the requirement that '[a]t a minimum, ... notice to opposing counsel and the court should be given in all cases' before engaging in any post-verdict inquiry of jurors.") (quoting United States v. Moten, 582 F.2d 654, 665–66 (2d Cir.1978)). See also United States v. Brasco, 516 F.2d 816, 819 n. 4 (2d Cir.1975) (noting that in the context of a full-scale examination of jurors, "post-trial questioning of jurors must only be conducted under the strict supervision and control of the court ...." (internal quotation marks omitted)). Such a rule is necessary because, as recognized in

2

Moten, a "serious danger exists that, in the absence of supervision by the court, some jurors, especially those who were unenthusiastic about the verdict or have grievances against fellow jurors, would be led into imagining sinister happenings which simply did not occur or into saying things which, although inadmissible, would be included in motion papers and would serve only to decrease public confidence in verdicts." Moten, 582 F.2d at 665.

United States v. Sattar, 395 F. Supp. 2d 66, 75 (S.D.N.Y. 2005), aff'd sub nom. United States v. Stewart, 590 F.3d 93 (2d Cir. 2009).



Hon. Charles J. Siragusa
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Room 1360
Rochester, NY 14614
TEL: 585-613-4050
FAX: 585-613-4055

We provide quality service in support of justice.

From: Kathy Allen <Kathy_Allen@nywd.uscourts.gov>
Sent: Wednesday, June 24, 2020 6:57 PM
To: Charles Siragusa <Charles_Siragusa@nywd.uscourts.gov>
Subject: Fwd: US v, Wilbern

Letter from Anne Burger attached

Sent from my iPhone

Begin forwarded message:

**From:** Anne Burger <Anne_Burger@fd.org>
**Date:** June 24, 2020 at 6:29:22 PM EDT
**To:** Kathy Allen <Kathy_Allen@nywd.uscourts.gov>
**Cc:** "Douglas Gregory" <Douglas.Gregory@usdoj.gov>, "Joel L. Violanti" <Joel.L.Violanti@usdoj.gov>, Sonya Zoghlin <Sonya_Zoghlin@fd.org>, "Timothy Murphy" <Timothy_Murphy@fd.org>
**Subject: US v, Wilbern**

Good afternoon Kathy,

Attached is a letter relating to the above matter.

Thanks